## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE GRASSO-BARNETT<br>3102 Victoria Court<br>Bensalem, PA 19020 | : <br> : <br> : <br> : | **CIVIL ACTION** |
| Plaintiff, | : <br> : | No. _____ |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| StoneMor Partners, Inc.<br>5342 West Baltimore Pike<br>Primos Seccne, PA 19018 | : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Valerie Grasso-Barnett, by and through her undersigned counsel, files this Civil Action Complaint, averring as follows:

### I.    Introduction

1.    Plaintiff Valerie Grasso-Barnett, (hereinafter "Plaintiff") initiates this action to seek redress against StoneMor Partners, Inc. (hereinafter "Defendant"), her former employer, for unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 1981, the Pennsylvania Human Relations Act, and other applicable federal and state law.

### II.    The Parties

2.    Plaintiff is an adult individual currently residing at the above address.

3.    Defendant is a corporation created and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a principal place of business at the above address.

1

4.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the course and scope of his or her job duties.

5.     Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6.     Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## III.     Jurisdiction and Venue

7.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8.     The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9.     The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.  The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

### IV.     Procedural and Administrative Remedies

11.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12.     Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

a.   Plaintiff filed a timely written charge of discrimination against Defendant with the Equal Employment Opportunity Commission alleging racial discrimination;

b.   The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff;

c.   The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

d.     Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission.

13.     Plaintiff has exhausted her federal and state administrative remedies as to the allegations of this Complaint.

## V.   Factual Background

14.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15.     Plaintiff is female and Caucasian.

16.     Plaintiff was employed by Defendant as a Senior Compliance Analyst for 21 months before she was unlawfully terminated.

17.     During her employment, Plaintiff's immediate supervisor, Derrick Smiley, was an African-American.

18.     During her employment, Plaintiff worked with Devin Negron, an African-American trust analyst who was regularly favored by Smiley.

19.     In the first week of January 2013, she returned to work after a 10 day vacation and found an email from a trustee regarding a new account which had been set up but not yet funded.

20.     Only one person in Plaintiff's department sets up new accounts - Devin Negron.

21.     Plaintiff sent Smiley an email asking if this issue had been handled while she had been away and if not, what she needed to do, since she was unfamiliar with the initial setup of accounts.

22.     Plaintiff received in return a very nasty email from Smiley asking "how is this account unique from other accounts?"

23.     Plaintiff was upset about the tone of the email and informed Smiley of this, at which point he smiled at her and said everything was fine.

24.     However, in March 2013, Smiley criticized Plaintiff unjustifiably in her evaluation for "personality issues."

25. Smiley also alleged that Plaintiff had been on a previous performance improvement plan from August 2012.

26. This was entirely untrue because Plaintiff had checked her employee file in September of 2012 and there was nothing in it whatsoever about a performance improvement plan, verbal warnings, or anything else that would indicate she was not doing her job properly.

27. Smiley then gave Plaintiff a 30 day review for alleged – but false - "personality issues."

28. Plaintiff refused to sign either the evaluation or the 30 day review.

29. Plaintiff never heard any more about any "personality issues" and naturally assumed that after the expiration of the unjustified review, the matter (whatever it had been) was now resolved.

30. Smiley was conducting a relationship with Devin Negron outside of work.  This was a violation of company policy.

31. Negron complained to Smiley about Plaintiff on a continual basis.

32. Due to ongoing construction, Plaintiff's department was being relocated, and the person in charge of relocation had set the move up so that Plaintiff was going to sit directly opposite of Devin Negron (which obviously made having a relationship with Smiley outside of work a problem for Negron). When the move occurred, moved, Plaintiff was moved to a spot in an aisle where she and Negron could not see each other.

33. Plaintiff's employment was eventually terminated as a consequence of reverse race discrimination.

34.    Nicole Franklin, an African-American, worked in the trust department, fell asleep at her desk, and failed to do her work but rather than dismissing her for work-related issues, Smiley attempted to pass her work to another employee in the department.

35.    Franklin was never terminated by Smiley but was eventually terminated by the HR department for clocking in and out for another employee.

36.    During a March 2013 review, Smiley told another employee, in front of Plaintiff, that Plaintiff was the best worker he had ever hired.

37.    Plaintiff was nonetheless dismissed from the company for alleged – and non-existent - "personality issues."

38.    Plaintiff has been been treated in a disparate manner by Derrick Smiley solely because of her race.

39.    Smiley has treated Devin Negron, an African-American, more favorably and has allowed her to make ridiculous and unfounded complaints about Plaintiff.  Further, he favored Nicole Franklin, another African-American, who was unable to do her job-because she was asleep-and for other reasons - but was not terminated by him.

## COUNT I
## TITLE VII – RACE DISCRIMINATION

40.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

41.    In treating Plaintiff in a manner that differed from the manner in which it treated African-American employees, and firing Plaintiff because of her race (Caucasian) Defendant engaged in unlawful discrimination based on race and color.

42.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## COUNT II
## 1981 – RACE DISCRIMINATION

43.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44.   In treating Plaintiff in a manner that differed from the manner in which it treated African-American employees in its employ, and firing Plaintiff because of her race (Caucasian) Defendant discriminated against Plaintiff in the terms and conditions of her employment contract and thereby engaged in unlawful discrimination in violation of 42 U.S.C. section 1981 based on race.

45.   As a result of Defendant's unlawful discrimination as aforesaid, Plaintiff has suffered damages as set forth herein.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT

46.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

47.   The foregoing actions of Defendant constitute unlawful sexual harassment and discrimination, in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, *et seq*.

48.   As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

*WHEREFORE*, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, section 1981, and other applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against Caucasian employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's discrimination, termination, and other unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded all benefits illegally withheld from the date she first suffered harassment and/or discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employers from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

i.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

j.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in 42 U.S.C. § 1981a and reflect the tax consequences thereof.


Respectfully submitted,

KOLMAN ELY, P.C.

By:  /s/ 

Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
Phone: (215) 750-3134
Fax:    (215) 750-3138

June 30th, 2014